Merrimack
No. 97-036

IN RE JASON FARRELL

November 14, 1997

*Twomey & Sisti Law Offices*, of Chichester (*Paul Twomey* on the brief and orally), for the defendant.

*Philip T. McLaughlin*, attorney general (*John P. Kacavas*, assistant attorney general, on the brief, and *Charles T. Putnam*, senior assistant attorney general, orally), for the State.

BROCK, C.J. This is an interlocutory appeal, *see* SUP. CT. R. 8, from a Superior Court (*Smukler*, J.) order accepting a certification and transfer of the defendant, Jason Farrell, thus allowing him to be tried as an adult for second degree murder. *See* RSA 630:1-b, I(b) (1996). We affirm and remand.

At the certification hearing, the following facts were alleged. On February 15, 1996, the defendant took a handgun from his father's bedroom without his permission. Over the next few days, he displayed the gun to several friends and used it for target practice. On February 19, in the bedroom of one of his friends, the defendant pointed the gun at the victim in an attempt to scare him, and told another individual to count to ten and then yell "bang." Before the defendant's friend finished counting, the defendant fired the weapon into the victim's face. The victim died as a result of a single gunshot wound to the head.

On February 20, the State filed a juvenile petition in Concord District Court charging the defendant with second degree murder. The State then filed a petition for certification, seeking to have the defendant tried as an adult. *See* RSA 169-B:24 (Supp. 1996). After a three-day hearing, the District Court (*Sullivan*, J.) issued an order certifying the defendant to be tried as an adult and transferring the matter to superior court.

The defendant argues that the superior court erroneously accepted his certification because the district court: (1) utilized hearsay evidence; (2) did not allow the defendant to address the court; and (3) allowed the introduction of an improperly obtained confession. In addition, the defendant argues that the district court erred in finding prospective merit in the complaint.

■ "The decision to transfer a juvenile to superior court for adult prosecution falls within the district court's sound discretion." *In re Eduardo L.*, 136 N.H. 678, 683, 621 A.2d 923, 927 (1993). Thus, we limit our review to whether the court fairly considered all of the applicable factors of RSA 169-B:24, I(a) to (h) and whether its decision is supported by the evidence and not erroneous as a matter of law. *See id.* at 684, 621 A.2d at 927.

■ First, the defendant argues that the district court erred in allowing the hearsay statements of two witnesses without making specific findings regarding their credibility and the reliability of their statements. Hearsay evidence is admissible at juvenile certification proceedings as long as there is some guarantee of trustworthiness. *In re Eduardo L.*, 136 N.H. at 689, 621 A.2d at 930; *see* N.H. R. EV. 1101(d)(3). To be considered trustworthy, evidence must be "relevant, not too remote and credible." *In re Eduardo L.*, 136 N.H. at 689, 621 A.2d at 930. The State is not required to present live witnesses at a certification hearing; however, the district court may require the State to do so if it is not satisfied that the State's evidence is trustworthy. *Id.* at 687-88, 621 A.2d at 929-30.

■ The defendant argues that the district court erred in failing to make a specific finding as to the credibility of two witnesses who were friends of the defendant. Requiring the district court to make such a finding would transform the juvenile certification hearing from an investigatory proceeding into a full-blown trial — a result we sought to avoid by establishing certification procedures in *Eduardo L. See id.* at 687-88, 621 A.2d at 930. The testimony at issue satisfies the credibility prong because it was provided by eyewitnesses who had personal knowledge of the defendant's conduct. Therefore, the district court properly allowed these witnesses' statements.

The defendant next contends that the district court erred in admitting the defendant's confession because the police obtained it in violation of this court's holding in *State v. Benoit. See State v. Benoit*, 126 N.H. 6, 18-19, 490 A.2d 295, 304 (1985). *Benoit* requires a totality of the circumstances test for determining whether a juvenile's confession was made voluntarily, knowingly, and intelligently. *Id.* at 19, 490 A.2d at 304.

■ When there is sufficient reliable evidence to support an indictment, the district court need not consider suppressing other evidence which is not essential to a determination of prospective merit. *See State v. Gibbs*, 126 N.H. 347, 353, 492 A.2d 1367, 1370 (1985); RSA 169-B:24, I(d). In this case, the defendant's confession was not essential to the decision to certify the defendant because alternative sources of reliable evidence supported the indictment, specifically, the account of an eyewitness who was the defendant's friend. *See Gibbs*, 126 N.H. at 353, 492 A.2d at 1370. Accordingly, the district court's failure to make a finding as to the admissibility of the defendant's confession was not erroneous.

The defendant also argues that the district court erred in refusing to allow him to address the court without being subject to cross-examination. The defendant relies only on the State Constitution in advancing this argument, asserting that the district court denied him his constitutional right to produce all proofs that may be favorable. *See* N.H. CONST. pt. I, art. 15.

■ The right of allocution asserted by the defendant is a federal right contained in Federal Rule of Criminal Procedure 32(c)(3)(C) that exists only at sentencing. *See Katz v. King*, 627 F.2d 568, 576 (1st Cir. 1980) (matters in mitigation of sentence underlie right to allocution). We have, however, recognized a limited right of allocution in summary criminal contempt proceedings because in those cases "formal charges, right to counsel, and other procedural

matters are not applicable because of the immediacy of the conduct and the need for prompt action by the judge before whom the conduct occurred." *State v. Martina*, 135 N.H. 111, 119, 600 A.2d 132, 137 (1991) (quotations, brackets, and ellipses omitted); *see* SUPER. CT. R. 95(a). Because a juvenile certification hearing does not implicate these concerns or those that accompany sentencing proceedings, the defendant had no right of allocution in the district court hearing. Furthermore, we are not prepared to recognize a right of allocution under the State Constitution in cases such as this. Thus, the district court did not abuse its discretion in refusing the defendant's request to address the court.

■ Finally, the defendant argues that the district court erred in finding prospective merit in the complaint. In a juvenile certification hearing, prospective merit exists when there is evidence upon which a grand jury may be expected to return an indictment. *See Gibbs*, 126 N.H. at 352, 492 A.2d at 1370. Upon thorough review of the record, we conclude that ample evidence exists to support the district court's finding of prospective merit. An eyewitness's testimony that the defendant switched the gun's safety mechanism on and off and told another individual to yell "bang" while the defendant pointed the gun at the victim would support a grand jury finding that the defendant acted recklessly as defined in RSA 626:2, II(c) (1996). These facts, combined with our policy of according considerable weight to the trial court's judgments on witnesses' credibility and the weight of their testimony, lead us to conclude that the district court properly found prospective merit in the complaint. *See State v. Crotty*, 134 N.H. 706, 711, 597 A.2d 1078, 1081-82 (1991); *see also In re Estate of Washburn*, 141 N.H. 658, 659, 690 A.2d 1024, 1026 (1997).

*Affirmed and remanded.*

All concurred.