Grafton
No. 2000-459

IN RE ERIK M.

June 19, 2001

*Philip T. McLaughlin*, attorney general (*Stephen D. Fuller*, attorney, on the brief and orally), for the State.

*Richard E. Samdperil*, assistant appellate defender, of Concord, by brief and orally, for the juvenile.

DALIANIS, J. The juvenile, Erik M., appeals from an order of the Superior Court (*Fitzgerald*, J.) accepting transfer of his case under RSA 169-B:24 by the Franklin District Court (*Townley-Tilson*, J.). We reverse and remand.

The following facts appear in the record and are not disputed by the parties on appeal. The juvenile was charged with negligent homicide (driving while intoxicated) following a crash in which his friend was killed. *See* RSA 630:3, II (Supp. 2000). At the time of the crash, the juvenile was nearly seventeen. The State petitioned to certify him as an adult and transfer the case to superior court.

The district court granted the petition, noting that because of the nature of the charge and the juvenile's age, it presumed that the factors listed in RSA 169-B:24, I (Supp. 2000) supported transfer. *See* RSA 169-B:24, IV (Supp. 2000). The court stated that after reviewing the evidence, it found that the relevant criteria were satisfied.

The State moved the superior court to accept the certification and transfer. Over the juvenile's objection, the court granted the State's motion without a hearing. The superior court noted that the district court's order contained "extremely lean written findings" and "conclusory language" and was "noteworthy for its absence of reasoning." Nonetheless, the superior court ruled that the district court's order "ma[de] a finding that is supported by the evidence." After balancing all of the factors enumerated in RSA 169-B:24, I, and considering the presumption in favor of certifying a juvenile accused of negligent homicide, the court found the district court's decision "fairly supported by the evidence adduced at the hearing at the district court and . . . not erroneous as a matter of law."

On appeal, the juvenile argues that the district court's order did not comply with the statutory mandates governing such orders. The juvenile also argues that the superior court erroneously ruled upon the State's transfer motion without a hearing.

*I. Alleged District Court Error*

The juvenile asserts that the district court's order was deficient because it did not contain factual findings or establish a nexus between the evidence and the statutory criteria for transfer. *See* RSA 169-B:24, II (Supp. 2000). We agree.

■ Our review of the district court's order is limited to "whether the court fairly considered all the applicable factors of RSA 169-B:24 . . . and whether its decision is supported by the evidence and not erroneous as a matter of law." *In re Eduardo L.*, 136 N.H. 678, 684 (1993) (quotation omitted). The superior court's review of the district court's order is similarly limited in scope. *Id.* at 683. "We work from the same record as the superior court and, thus, owe no deference to that court's decision on acceptance." *Id.* at 684.

RSA 169-B:24 governs orders to transfer juvenile delinquency cases to superior court. Under RSA 169-B:24, the district court must consider eight factors when determining whether to transfer a juvenile's case to superior court. *See* RSA 169-B:24, I. The district court's order to transfer must contain "a written statement of findings and reasons for such transfer." RSA 169-B:24, II. When a juvenile is charged with negligent homicide (driving while intoxicated), there is a presumption that the factors listed in RSA 169-B:24, I, support transfer to superior court. *See* RSA 169-B:24, IV.

■ While we have previously approved of district court orders that contained some conclusory language, and factual findings upon most, but not all, of the statutory criteria, *see State v. Riccio*, 130 N.H. 376, 380-81 (1988), the order at issue was entirely conclusory and contained no factual references whatsoever. As such, it violated RSA 169-B:24, II. The district court's assertion that it considered the evidence and relevant criteria is insufficient absent references to the evidence it considered and application of the criteria to that evidence. *See In re Eduardo L.*, 138 N.H. at 691. We again urge district courts to be "more generous in their written recitation of findings and reasons supporting transfer." *Riccio*, 130 N.H. at 381.

■ The State asserts that RSA 169-B:24 was satisfied because the evidence supported transfer and because the superior court was able to review whether transfer was appropriate, despite the district court's summary order. We disagree. In support of its argument, the State relies upon cases involving orders on motions to suppress. These cases are inapposite, however, because orders on motions to suppress are not governed by RSA 169-B:24. Under RSA 169-B:24,

the superior court sits as an appellate court, reviewing the district court's order for an abuse of discretion. Although it was possible for the superior court to review the record and apply the statutory criteria in the first instance, this was not its job. Having been confronted with a district court order that did not comply with RSA 169-B:24, the superior court should have remanded to the district court for appropriate findings.

The juvenile also argues that the district court's failure to issue written findings violated his constitutional right to due process. *See* N.H. CONST. pt. I, art. 15. Because we reverse upon statutory grounds, we do not address the juvenile's constitutional challenge. *See In re Ethan H.*, 135 N.H. 681, 688 (1992).

*II. Alleged Superior Court Error*

We review the superior court's decision about whether to hold a hearing for an abuse of discretion. *See Thomas v. Finger*, 141 N.H. 134, 137 (1996).

The juvenile argues that oral argument was required in this case because the issues were hotly contested. In support of this argument, he relies upon Supreme Court Rule 18 which, he claims, "recognize[s] the importance of oral argument when there are contested issues of law which cannot be routinely decided." The juvenile's reliance upon Supreme Court Rule 18 is misplaced. This matter is governed by Superior Court Rule 58, which grants the superior court discretion to deny hearings on motions. *See* SUPER. CT. R. 58; *see also State v. Roy*, 138 N.H. 97, 98 (1993).

The juvenile asserts that Superior Court Rule 58 does not apply to this matter because it is a criminal action. To the contrary, even assuming that transfer to superior court is a criminal matter, Rule 58 applies. *See* SUPER. CT. R. 115; *see also State v. Watson*, 120 N.H. 950, 952 (1980) (discussing Rule 58 in criminal case context).

We hold that the superior court did not abuse its discretion by denying the juvenile's request for oral argument. The juvenile did not meet the requirements of Rule 58 because, when he requested a hearing, he did not set forth any reasons why a hearing would assist the trial court. *See Provencher v. Buzzell-Plourde Assoc.*, 142 N.H. 848, 852 (1998).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BROCK, C.J., and BRODERICK and NADEAU, JJ., concurred.