NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2021-0609

PETITION OF THE STATE OF NEW HAMPSHIRE

Argued: June 23, 2022
Opinion Issued: August 12, 2022

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Elizabeth C. Woodcock, senior assistant attorney general, on the brief, and Anthony J. Galdieri on the brief and orally), for the State.

Kirsten Wilson Law, PLLC, of Portsmouth (Kirsten B. Wilson on the brief and orally), for the respondent.

DONOVAN, J. This court accepted the State's Rule 11 petition for original jurisdiction to determine whether the Superior Court (Wageling, J.) erred by denying the State's petition to certify the respondent as an adult pursuant to RSA 169-B:24 (Supp. 2021) and remanding the case to the family division of the circuit court for further proceedings. We hold that the superior court erred by denying the State's certification petition, and reverse and remand.

## I. Facts

The following facts are supported by the record or are otherwise undisputed. In August 2019, the State filed three juvenile delinquency petitions against the respondent in the family division charging him with one count of pattern aggravated felonious sexual assault (AFSA), one count of felonious sexual assault, and one count of indecent exposure. The AFSA petition alleged that the acts comprising the pattern offense occurred in Rockingham County on four specific dates: June 22, 2018; August 24, 2018; September 15, 2018; and May 27, 2019. When the petitions were filed, the alleged victim was six years old and the respondent was seventeen years old. The respondent turned eighteen in November 2019 and is presently twenty years old.

After filing the petitions, the State, pursuant to RSA 169-B:24, petitioned to certify the respondent as an adult and transfer the case to superior court. In November 2019, before the respondent's eighteenth birthday, the family division held a hearing on the petition to transfer. The State presented the testimony of a police sergeant who assisted in the investigation and who observed the alleged victim's two Child Advocacy Center (CAC) interviews, videos of which were included as part of the family division's record. In both CAC interviews, the alleged victim stated that, on several occasions at her grandparents' home in Atkinson and at her own home in another county, the respondent open-mouth kissed her, rubbed her genitals, and exposed his genitals to her. She also provided statements consistent with the respondent having penetrated her during the vaginal-touching assaults.

Although the alleged victim stated that the respondent rubbed her genitals on more than one occasion at her grandparents' house, she did not identify any specific dates or general time frame when these assaults occurred. Instead, her parents provided police with dates — verified through social media posts — when the alleged victim had recently visited her grandparents' home and on which they believed the respondent had the opportunity to commit the assaults. These dates formed the basis of the pattern offense alleged in the AFSA petition. The State also introduced a handwritten note by the respondent — sent to the alleged victim's parents prior to the initiation of the police investigation — apologizing and expressing remorse for certain unidentified actions.

In November 2019, the family division granted the petition to certify the respondent as an adult and to transfer the case to the superior court. It determined that, because one of the petitions alleged an AFSA and because probable cause supported that charge, the presumption in favor of transfer set forth in RSA 169-B:24, IV applied. The family division then analyzed the eight factors set forth in RSA 169-B:24, I:

(a) The seriousness of the alleged offense to the community and whether the protection of the community requires transfer.

(b) The aggressive, violent, premeditated, or willful nature of the alleged offense.

(c) Whether the alleged offense was committed against persons or property.

(d) The prospective merit of the complaint.

(e) The desirability of trial and disposition of the entire offense in one court if the minor's associates in the alleged offense were adults who will be charged with a crime.

(f) The sophistication and maturity of the minor.

(g) The minor's prior record and prior contacts with law enforcement agencies.

(h) The prospects of adequate protection of the public, and the likelihood of reasonable rehabilitation of the minor through the juvenile court system.

RSA 169-B:24, I.

The family division concluded that, on balance, the eight criteria favored transfer. Specifically, the family division found that factors (a) through (c) supported transfer because the respondent's actions were serious, violent, and committed against a person. It further found that factors (f) and (h) supported transfer because the respondent was "mature for his age" and, at the time of the hearing, he was less than three weeks away from turning eighteen, which provided "insufficient time to implement any meaningful rehabilitation services."

As to factor (d) — the "prospective merit of the complaint," RSA 169-B:24, I(d) — the family division found that credible evidence supported the AFSA petition. The family division relied upon the alleged victim's statements describing the "numerous alleged sexual assaults" and credited the evidence demonstrating "that those assaults occurred over the period from June 2018 to May 2019." The family division found that only factors (e) and (g) did not favor transfer because no adult associates were involved in the alleged crimes and the respondent had no prior record. Moreover, the family division found that, even if the presumption did not apply, the State had met its burden of proving by a preponderance of the evidence that transfer was appropriate.

3

In December 2019, the State petitioned the superior court to accept the transfer. Due to restrictions caused by the COVID-19 pandemic, the superior court did not hold a hearing on the merits until August 2020. At the hearing, the superior court did not hear further evidence and instead relied upon the record established before the family division. Ultimately, the superior court denied the State's petition to transfer and remanded to the family division for rehearing.

The court ruled that "there was no probable cause" to support the State's pattern AFSA petition because "nothing in the evidence suggests [the respondent] and [the alleged victim] were together at the grandmother's house" on the dates alleged in the petition. The court also found that, "even if they were both there on one or more of those dates . . . the evidence does not support that the [respondent] committed the acts alleged on or between those date[s]." Therefore, the court ruled that because there was no probable cause for the AFSA petition, the family division committed plain error in applying the presumption in favor of transfer. Furthermore, the court opined that the family division's order "would have erroneously taken" its finding of probable cause "into consideration when assessing the severity of the crimes." Therefore, the court ruled that the family division's findings with respect to some of the eight criteria set forth in RSA 169-B:24, I — with or without the presumption applied — were "erroneous as a matter of law."

On remand, the respondent disputed the jurisdiction of the family division to reconsider the certification issue. Ultimately, the family division accepted jurisdiction, and the respondent filed an interlocutory appeal challenging the family division's jurisdictional order. Thereafter, pursuant to Supreme Court Rule 11, the State petitioned this court for a writ of certiorari to review the superior court's denial of transfer. The respondent objected, arguing that the State's petition was untimely. We denied the respondent's objection and accepted the case.

## II. Analysis

In support of its petition, the State argues that the superior court erred by rejecting the family division's findings and declining the State's petition to transfer pursuant to RSA 169-B:24. Certiorari is an extraordinary remedy that is not granted as a matter of right, but, rather, at the court's discretion. Petition of N.H. Div. of State Police, 174 N.H. 176, 180 (2021); see Sup. Ct. R. 11. Our review of a decision on a petition for writ of certiorari entails examining whether the superior court acted illegally with respect to jurisdiction, authority or observance of the law, or unsustainably exercised its discretion or acted arbitrarily, unreasonably, or capriciously. Petition of N.H. Div. of State Police, 174 N.H. at 180.

4

The standard for acceptance of certification by the superior court, and our scope of review, are identical and of a limited nature. In re Eduardo L., 136 N.H. 678, 683 (1993). Pursuant to RSA 169-B:24, the decision to transfer a juvenile to superior court for adult prosecution falls within the family division's sound discretion. Id. Accordingly, we review the family division's order to determine whether it fairly considered the factors set forth in RSA 169-B:24 and whether its decision is supported by the evidence and not erroneous as a matter of law. In re Erik M., 146 N.H. 508, 510 (2001). The superior court's review of the family division's order is similarly limited in scope. Id. We work from the same record as the superior court and, thus, owe no deference to that court's decision. Id.

As an initial matter, the respondent challenges the timeliness of the State's Rule 11 petition for original jurisdiction. Rule 11 does not specify a filing deadline. See Sup. Ct. R. 11. Nonetheless, as the respondent points out, we have previously exercised our discretion to bar petitions for writs of certiorari when such petitions were filed after an unreasonable period of time. See Petition of State of N.H. (State v. Fischer), 152 N.H. 205, 208 (2005) (superseded on other grounds by rule). We have held that a reasonable period for filing a petition for writ of certiorari should be determined by the appeal period set forth in a substantively analogous statute or situation. Wilson v. Personnel Comm'n, 117 N.H. 783, 784 (1977). Here, the respondent argues that RSA 606:10, II (2001) provides a substantively analogous statute or situation. In his view, because appeals under RSA 606:10, II are subject to the same timeliness requirements that govern appeals under Supreme Court Rules 7 through 9, id., the State's Rule 11 petition — filed approximately fifteen months after the superior court's decision — was untimely. We disagree. RSA 606:10, II provides, in relevant part:

II. An appeal may be taken by the state in criminal cases on questions of law from the district or municipal courts or from the superior court to the supreme court from:

(a) An order of the court prior to trial which suppresses any evidence including, but not limited to, physical or identification evidence or evidence of a confession or admission;

(b) An order prior to trial which prevents the state from obtaining evidence;

(c) A pretrial dismissal of an indictment, information or complaint; or

(d) Any other order of the court prior to trial if, either because of the nature of the order in question or because of the particular circumstances of the case, there is a reasonable likelihood that such

5

order will cause either serious impairment to or termination of the prosecution of any case.

RSA 606:10, II.

We conclude that RSA 606:10, II is not substantively analogous to the State's Rule 11 petition in this case. RSA 606:10, II pertains to criminal proceedings, whereas juvenile proceedings are civil in nature and "separate from the trial of criminal cases." RSA 169-B:16, I (2014); see In re Russell C., 120 N.H. 260, 267 (1980) (noting that "[t]he purposes and procedures delineated in RSA ch. 169-B" reflect "the desire to divorce juvenile proceedings from the criminal process whenever possible"). Moreover, the language of RSA 606:10, II demonstrates that the provision applies when the State appeals from an order that is capable of effectively disposing of a criminal case. See RSA 606:10, II. The superior court's decision to deny certification in this case did not dispose of the case. To the contrary, the superior court remanded the case to the family division for further proceedings on the certification issue. Therefore, this case is unlike Petition of State of New Hampshire (State v. Fischer), where the State appealed from the court's decision suspending the defendant's sentence. Cf. Petition of State of N.H. (State v. Fischer), 152 N.H. at 208.

We further conclude that the State filed its Rule 11 petition within a reasonable period of time following the superior court's decision. The record demonstrates that the State did not immediately appeal the superior court's decision because it reasonably expected an opportunity to recertify the respondent on remand. The family division was prevented from holding any further substantive proceedings on remand because the respondent objected to the family division's jurisdiction and subsequently filed an interlocutory appeal from the family division's order concluding it had jurisdiction to rehear the certification issue. While that appeal was pending, the State filed its petition in December 2021. We further note that a determination that the superior court erred by denying certification would moot the issue of whether the family division had jurisdiction on remand. Accordingly, we conclude that the State's Rule 11 petition in this instance was timely.

In the alternative, the respondent argues that the State has not preserved its challenge to the superior court's denial of transfer. According to the respondent, the State challenged the superior court's decision for the first time in its Rule 11 petition. The respondent, therefore, appears to take the position that, because the State did not move for reconsideration, it forfeited its right to seek review of the court's ruling in this instance. We disagree.

The rationale behind our preservation requirement "is that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court." Mortgage Specialists v. Davey, 153 N.H.

6

764, 786 (2006) (quotation omitted).  "To satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration."  Vention Medical Advanced Components, Inc. v. Pappas, 171 N.H. 13, 27 (2018).  In its order denying certification and transfer, the superior court addressed the substantive arguments that the State now makes here — specifically, whether the family division properly considered all of the factors set forth in RSA 169-B:24 and whether the family division's order was supported by the evidence and not erroneous as a matter of law.  Accordingly, a motion for reconsideration was unnecessary in this instance, and we conclude that the State preserved its arguments for our review.[1]

Turning to the merits, the State first argues that the superior court erred by finding that the AFSA petition was unsupported by probable cause and, consequently, by concluding that the presumption set forth in RSA 169-B:24, IV did not apply.  To support that argument, the State contends that the superior court improperly analyzed the AFSA petition as charging a violation of RSA 632-A:2, III (2016), when, in fact, the AFSA listed RSA 632-A:2, I(l) (2016) as the charged offense.  The respondent argues, on the other hand, that the allegations set forth in the AFSA petition demonstrate that the petition charged a pattern of AFSA in violation of RSA 632-A:2, III.  We conclude that, even if the AFSA petition charged a pattern of AFSA in violation of RSA 632-A:2, III, the petition was supported by probable cause and, therefore, the superior court erred by concluding that the presumption set forth in RSA 169-B:24, IV did not apply.

RSA 169-B:24, IV states: "When the felony offense charged is . . . aggravated felonious sexual assault . . . and the minor commits the act after the minor's fifteenth birthday, there shall be a presumption that the factors listed in RSA 169-B:24, I support transfer to the superior court."  For the purposes of this case, we assume, without deciding, that the superior court correctly determined that the presumption set forth in RSA 169-B:24, IV applies only when probable cause supports the charged offense.  Probable cause is more than speculation or innuendo; it means that there is sufficient, trustworthy information to warrant a reasonable person to believe that the juvenile has committed a felony offense.  State v. Castine, 172 N.H. 562, 568 (2019).

We conclude that the record supports a finding of probable cause that the respondent committed a pattern of AFSA pursuant to RSA 632-A:2, III.  The

---

[1] Additionally, the respondent argues that discovery and due process violations present independent grounds to affirm the superior court's denial of transfer.  However, the respondent presents no factual support or legal authority to support his argument.  Because we confine "our review to only those issues that the defendant has fully briefed," we decline to address these arguments.  State v. Blackmer, 149 N.H. 47, 49 (2003).

State's petition alleged that the respondent engaged in a pattern of aggravated felonious sexual assault of the alleged victim "over a period of two months or more and within a period of five years, by knowingly engaging in sexual penetration." Relevant to the facts alleged in the petition, RSA 632-A:2, I(l) provides: "A person is guilty of the felony of aggravated felonious sexual assault if such person engages in sexual penetration with another person . . . [w]hen the victim is less than 13 years of age." In turn, RSA 632-A:2, III provides, in part: "A person is guilty of aggravated felonious sexual assault when such person engages in a pattern of sexual assault against another person, not the actor's legal spouse, who is less than 16 years of age." The term "pattern of sexual assault" means "committing more than one act under RSA 632-A:2 or RSA 632-A:3, or both, upon the same victim over a period of 2 months or more and within a period of 5 years." RSA 632-A:1, I-c (2016).

Here, the record contains sufficient, trustworthy information to warrant a reasonable person to believe that the respondent engaged in a pattern of sexually assaulting the alleged victim — who was approximately six years old — by penetration between June 2018 and May 2019. In her CAC interviews, the alleged victim stated that the respondent rubbed her genitals on more than one occasion while they were both at her grandparents' home. She also provided statements consistent with the respondent having penetrated her during the sexual assaults by touching.

At the family division hearing, the police sergeant testified that he identified the specific dates of the alleged assaults through the parents' statements about when the alleged victim had been at the grandparents' house with the respondent in the past two years. Those dates formed the basis of the AFSA pattern petition. The police sergeant further testified that the parents verified their recollections of the dates through social media posts, which they provided to the police. Even if those posts did not reference the respondent, the alleged victim's allegations that the respondent sexually assaulted her at her grandparents' house, when coupled with the parents' recollections of when the respondent would have had an opportunity to do so, constitute probable cause that the alleged assaults occurred during the time frame alleged in the petition.

Although we share the superior court's reservations that, based upon the record established in the family division, the respondent cannot be placed with certainty at the grandparents' house with the alleged victim on the specific dates alleged in the AFSA petition, we note that "a hearing conducted pursuant to [RSA 169-B:24] must be limited to the question of transfer to the superior court and may not be adjudicatory." In re Vernon E., 121 N.H. 836, 844 (1981). Indeed, "[t]o subject the juvenile to an adjudicatory proceeding, other than one limited to the question of transfer . . . amounts to double jeopardy." State v. Smagula, 117 N.H. 663, 669 (1977). Here, in rejecting the family division's finding with respect to probable cause, the superior court's order

imposed a level of scrutiny to the allegations — akin to a trial on the merits — not required, nor permitted, at this stage in the proceeding.  Accordingly, we conclude that the superior court erred as a matter of law by finding that the record lacked sufficient evidence supporting a finding of probable cause that the respondent committed a pattern of AFSA.  We therefore conclude that the family division's decision to apply the presumption set forth in RSA 169-B:24, IV "is supported by the evidence and is not erroneous as a matter of law."  In re Eduardo L., 136 N.H. at 684.

We now turn to the respondent's argument that, on balance, the eight factors set forth in RSA 169-B:24, I, did not weigh in favor of transfer.  "The State is not required to prove beyond a reasonable doubt each of the eight criteria set forth in RSA 169-B:24."  In re Eduardo L., 136 N.H. at 684.  "Rather, the decision to transfer is within the reasonable discretion of the [circuit] court, based upon a preponderance of the evidence, with due consideration given to each factor set forth in the statute."  Id.

We conclude that the record supports, by a preponderance of the evidence, the family division's finding that, on balance, the factors listed in RSA 169-B:24, I, favored transfer.  We begin by noting that the record supports the family division's findings that only factors (e) and (g) did not favor transfer because no adult associates were involved in the alleged crimes and the respondent has no prior record.  See RSA 169-B:24, I(e)-(g).  With respect to the first three factors, it is axiomatic that the charged AFSA pattern offense is serious and violent, and was allegedly committed against a minor person.  See RSA 169-B:24, I(a)-(c).  Further, the respondent's academic and behavioral history, which includes allegations that he committed these acts from the age of sixteen until past his seventeenth birthday, supports the family division's findings that the respondent's maturity favored transfer.  See RSA 169-B:24, I(f).  Moreover, the fact that the respondent was less than three weeks from turning eighteen at the time of the hearing also supports the family division's finding that there was "insufficient time" to implement meaningful rehabilitation services for the respondent through the juvenile system.  See RSA 169-B:24, I(h).

With respect to the "prospective merit" of the petition, RSA 169-B:24, I(d), we have held that, "[i]n a juvenile certification hearing, prospective merit exists when there is evidence upon which a grand jury may be expected to return an indictment."  In re Farrell, 142 N.H. 424, 428 (1997).  Therefore, review of the "prospective merit" criterion is essentially a determination as to whether probable cause exists.  See Moody v. Cunningham, 127 N.H. 550, 554 (1986) ("An indictment represents the conclusion of a grand jury that probable cause exists to believe that a defendant has committed a particular crime.").  Because we conclude that the record supports the family division's probable cause finding, we likewise conclude that the prospective merit criterion favored transfer as well.

9

Considering these findings favoring transfer, and the application of the presumption pursuant to RSA 169-B:24, IV, we hold that the superior court erred when it denied the State's petition to certify the respondent as an adult. We, therefore, reverse and remand this case to the superior court and direct that the superior court grant certification of the respondent.

<u>Reversed and remanded</u>.


HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred; ABRAMSON, J., retired superior court justice, specially assigned under RSA 490:3, concurred.