NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2021-0462

PETITION OF THE STATE OF NEW HAMPSHIRE

Argued: September 15, 2022
Opinion Issued: January 31, 2023

John M. Formella, attorney general, and Anthony Galdieri, solicitor general (Elizabeth C. Woodcock, senior assistant attorney general, on the brief and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the juvenile.

HANTZ MARCONI, J. The State filed a petition for writ of certiorari seeking review of an order of the Superior Court (Nicolosi, J.) declining to accept the transfer of a juvenile delinquency case because the superior court concluded that the circuit court erred when it found that the juvenile was competent. The superior court remanded to the circuit court for a new competency determination. The State argues that RSA 169-B:24 (2022) does not authorize the superior court to conduct an appellate review of the circuit court's competency ruling. We vacate and remand.

The record supports the following facts.  In June 2019, the State filed a delinquency petition charging the sixteen-year-old juvenile with attempted second-degree murder.  At arraignment in the circuit court, the State moved to certify the juvenile as an adult and to transfer the case to the superior court.  Before considering transfer, however, the circuit court held a competency hearing.  After considering expert testimony that the juvenile was not competent, the circuit court issued a nine-page order rejecting that testimony and finding the juvenile competent.  The juvenile then filed a habeas petition in superior court challenging the competency finding.  The Superior Court (Anderson, J.) denied the petition because the juvenile had not sought an interlocutory appeal of the competency ruling and therefore had not exhausted his available remedies.  The transfer hearing proceeded, and after considering the transfer factors in RSA 169-B:24, I(a)-(h), the circuit court granted the State's transfer petition.

The Superior Court (Nicolosi, J.) then considered whether to accept transfer.  It declined, concluding that the circuit court's earlier competency finding was erroneous.  It reasoned that the circuit court did not "adequately point out the facts upon which it relied," nor "adequately delineate its reasons for rejecting uncontroverted expert testimony."  The court remanded the case to the circuit court "for further articulation of any additional facts upon which it relied."  The order directed that "[i]f the circuit court upon review finds no further factual support for its finding, it shall so state and a finding [of] incompetency should be entered."  The State then filed this petition for writ of certiorari.  See Sup. Ct. R. 11.

II.

The State argues that the superior court erred by reviewing the circuit court's competency finding.  It asserts that competency is not a transfer factor in RSA 169-B:24, but rather is a "separate and distinct issue addressed under RSA 169-B:20."  See RSA 169-B:20 (2022).  The State thus argues that the superior court exceeded its authority to review the transfer order under RSA 169-B:24 by reviewing a competency order entered under RSA 169-B:20.  In opposition, the juvenile argues that the "superior court ha[s] the authority to remand the case to the circuit court for a proper application of the competency standards governing juveniles."  (Capitalization omitted.)  He asserts that he has a federal and state constitutional right not to be subjected to a transfer hearing unless competent, and that incompetency hampers his defense and "render[s] unreliable" the court's resolution of factual questions.  He contends that competency falls within the superior court's authority to review whether the circuit court fairly considered the factors of RSA 169-B:24, and whether the transfer was erroneous as a matter of law.  He argues that the scope of transfer review should be construed broadly because of the "statute's requirement that

'all . . . papers' filed in the Circuit Court be transferred to the Superior Court" (quoting RSA 169-B:24, II), and because other transfer cases have reviewed questions about the "lawfulness or constitutionality of Circuit Court rulings in transfer proceedings." We agree with the State that review of competency is outside the scope of the superior court's appellate authority under RSA 169-B:24.

Whether RSA 169-B:24 permits the superior court to review a competency finding of the circuit court is an issue of statutory interpretation, which we review de novo. See Langevin v. Travco Ins. Co., 170 N.H. 660, 664 (2018). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. Id. Absent an ambiguity we will not look beyond the language of the statute to discern legislative intent. State v. Addison (Capital Murder), 165 N.H. 381, 418 (2013). Our goal is to apply statutes in light of the policy sought to be advanced by the entire statutory scheme. Id. Accordingly, we interpret a statute in the context of the overall statutory scheme and not in isolation. Id.

Under RSA 169-B:24, the decision to transfer a juvenile to superior court for adult prosecution falls within the circuit court's discretion. See RSA 169-B:24; In re Eduardo L., 136 N.H. 678, 683 (1993). The statute requires the circuit court to hold a transfer hearing, and it provides eight factors to guide the transfer decision. RSA 169-B:24, I(a)-(h); Eduardo L., 136 N.H. at 683-84. Though RSA 169-B:24 does not specify the superior court's role in accepting transfer, we have held that it acts as an appellate court, reviewing the circuit court's transfer ruling for an unsustainable exercise of discretion. In re Erik M., 146 N.H. 508, 510-11 (2001). In light of the discretionary nature of the circuit court's decision, we have deemed the superior court's review to be limited to whether the circuit court fairly considered all the applicable factors of RSA 169-B:24, and whether its decision is supported by the evidence and not erroneous as a matter of law. Id. at 510.

We need not address either the juvenile's argument that the Federal and State Constitutions prohibit conducting a transfer hearing with an incompetent juvenile, or the juvenile's argument that incompetency would undermine the reliability of a transfer hearing. Even if we assume that the juvenile is correct, these arguments do not affect our analysis. The legislature has recognized the importance of juvenile competency, providing statutory safeguards within RSA 169-B:20. Competency is a prerequisite to any delinquency proceeding — including a transfer hearing. See RSA 169-B:20, VI. If competency is at issue, proceedings are suspended until a competency evaluation is performed, and the entire petition must be dismissed if competency is not established. RSA

3

169-B:20, VI, VIII. If a juvenile disputes the circuit court's competency finding, the juvenile may seek immediate review in this court by interlocutory appeal pursuant to Supreme Court Rule 8, or, if the trial court declines to authorize such an appeal, by petition for writ of certiorari. See Sup. Ct. R. 8 (interlocutory appeal from ruling); Sup. Ct. R. 11 (petition for original jurisdiction). A competency finding may also be reviewed on appeal from a final disposition. See, e.g., State v. Moncada, 161 N.H. 791, 793-98 (2011). If a juvenile is found to be competent in the circuit court and the case is transferred, RSA 169-B:20, XI allows the superior court to revisit competency and to make its own finding relevant to the adult criminal proceedings. RSA 169-B:20, XI. Thus, because juvenile competency is protected by a separate statute within RSA chapter 169-B and is independently appealable, and because RSA 169-B:24 does not include competency as a transfer factor, we conclude that transfer review does not include review of the circuit court's competency finding.

Next, the juvenile argues that RSA 169-B:24, II's requirement that "[a]ll original papers" of the circuit court be filed in the superior court supports a broad scope of appellate review in the superior court. See RSA 169-B:24, II ("All original papers . . . shall be filed with and shall constitute the records of the court to which transfer is made."). The juvenile's argument effectively asks us to consider a single phrase in isolation to support his position that transfer review under RSA 169-B:24 includes the circuit court's competency ruling. We do not, however, consider words and phrases in isolation when interpreting statutes, but rather within the context of the statute as a whole. Petition of Carrier, 165 N.H. 719, 721 (2013). And as described above, review of the circuit court's competency ruling under RSA 169-B:20 is already available. Given the statutory context of this language, we are not persuaded that it supports a broad scope of review. Furthermore, the original records of a delinquency proceeding may be relevant to other matters that the superior court does have authority to consider. For example, the history of a delinquency case may be relevant if the superior court decides to revisit competency pursuant to RSA 169-B:20, XI. Thus, this statutory language does not support a broad scope of transfer review.

Nor are we persuaded by the four cases the juvenile cites in support of his position that the superior court has the authority to "review[] questions about the lawfulness or constitutionality of Circuit Court rulings in transfer proceedings." See Eduardo L. 136 N.H. 678 (reviewing admission of hearsay statements during transfer hearing); In re Farrell, 142 N.H. 424 (1997) (reviewing evidentiary rulings in the transfer hearing that implicated constitutional rights); State v. Gibbs, 126 N.H. 347 (1985) (reviewing circuit court's admission of a confession at the transfer hearing, when it was found at trial to violate the right to counsel); and Vernon E., 121 N.H. 836 (reviewing whether admission of evidence at transfer hearing violated double jeopardy). None of these cases supports a scope of review reaching beyond the transfer

proceeding itself, because they all dealt with rulings made <u>within</u> transfer proceedings.  In contrast, competency decisions are made before transfer proceedings begin.  We decline to extend this line of cases to rulings made outside of the transfer hearing.

Lastly, the juvenile contends that "this Court ought bear in mind the interpretive principle enacted by the legislature," namely, that the provisions of "RSA 169-B 'shall be liberally interpreted, construed, and administered to effectuate' the legislature's purposes, which include . . . encouragement of 'the wholesome moral, mental, emotional, and physical development of each minor coming within' the Chapter's scope 'by providing the protection, care, treatment, counselling, supervision, and rehabilitative resources which each minor needs.'"  (Quoting RSA 169-B:1, I.)  He argues that including competency in transfer review "serves those goals by helping to ensure that courts will not transfer for trial in criminal court juveniles who should not be prosecuted in that forum."  This policy argument is better made before the legislature.  <u>See</u> <u>Appeal of New England Police Benevolent Ass'n</u>, 171 N.H. 490, 497 (2018) ("Because our function is not to make laws, but to interpret them, any public policy arguments relevant to the wisdom of the statutory scheme and its consequences should be addressed to the General Court." (quotation omitted)).  As explained above, nothing in RSA 169-B:24 gives the superior court authority to review competency findings during a transfer hearing.  <u>See</u> RSA 169-B:24.  For the reasons set forth above, we decline to read such authority into RSA 169-B:24.

<u>Vacated and remanded</u>.


HICKS, BASSETT, and DONOVAN, JJ., concurred.